**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**WALTER S. ROBEY**                                                                                **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:12CV101-SA-SAA**

**CLEVELAND SCHOOL**                                               **DEFENDANTS**
**DISTRICT, et al.**

**MEMORANDUM OPINION**

Defendants Jacqueline Thigpen, Maurice Lucas, Todd Fuller, Richard Boggs, George Evans, and Harvey Jackson filed a Motion to Dismiss [17] as to their individual capacities. For the reasons below, the Court will grant the Motion to Dismiss said defendants as parties with respect to their individual capacities.

*Factual and Procedural Background*

Plaintiff laid claim against the above defendants in both their individual and official capacities on June 12, 2012, but only served the defendants in their official capacities. The above defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) for failure to properly serve process on the defendants in their individual capacities. Plaintiff was granted an extension of time by the presiding magistrate judge and given until February 23, 2013, to effectuate service. As of March 6, 2013, the Court's records showed that none of the defendants had been served in regard to their individual capacities. [1] Plaintiff was warned that no further extensions of time would be granted. Plaintiff has failed to indicate on the docket that such service has been effectuated prior to this date.

*Motion to Dismiss Standard*

The burden rests on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to dismissal, without prejudice. FED. R. CIV. P. 4(m). However, a district court may, in its discretion, decide to dismiss the case or extend time for service of process. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir.1996).

*Analysis and Discussion*

In this case, Plaintiff has already been granted an extension of time to cure the defects of service; he was given until February 23, 2013. Plaintiff was warned that no further extensions of time would be granted, yet Plaintiff has shown no attempt to effectuate service. As noted previously, Plaintiff served defendants as to their official capacities, but not as to their individual capacities. Because the deadline set for Plaintiff to serve the defendants in their individual capacities is well past, the defendants Thigpen, Lucas, Fuller, Boggs, Evans, and Jackson will be dismissed from the case with regard to their individual capacities.

*Conclusion*

Defendants Thigpen, Lucas, Fuller, Boggs, Evans, and Jackson's Motion to Dismiss [17] is GRANTED in respect to their individual capacities; therefore, Thigpen, Lucas, Fuller, Boggs, Evans, and Jackson will be dismissed as parties in their individual capacities. They will remain defendants in their official capacities.

SO ORDERED, this the 8th day of July, 2013.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**

---

[1] The clerk's notice inadvertently omitted Maurice Lucas from the list of defendants who were not served individually. Because no proof of service or other evidence suggesting service has ever been submitted with regard to Maurice Lucas, the Court analyzes his individual claim here as well.