IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WALTER S. ROBEY                                                                                         PLAINTIFF

V.                                          CIVIL ACTION NO. 2:12CV101-SA-SAA

CLEVELAND SCHOOL                                                       DEFENDANTS
DISTRICT, et al.

## MEMORANDUM OPINION DISMISSING CASE

Defendants ask the Court to reconsider its refusal to judicially estop Plaintiff's action because of his failure to disclose this claim as part of his Bankruptcy petition.[1] After reviewing the record on Defendant's Motion to Dismiss [5] and the request for reconsideration, the Court GRANTS that request and DISMISSES this action.

*Reconsideration Standard*

A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

---

[1] After briefing was complete on Defendant's Motion to Dismiss [5], the Bankruptcy Trustee of Walter Robey's estate filed a Letter "abandon[ing] any interest the bankruptcy estate may have in his causes of action." See Report from Trustee of Walter and Lille Robey's Estate, Dec. 18, 2012 [39]. The Court in its earlier Order on Motion to Dismiss [43] found that declaration dispositive as to Defendant's judicial estoppel claims. However, the Court noted that "[i]f Defendants believe this disclaimer not to be dispositive, they are instructed to file a Motion to Alter or Amend Judgment within the time specified by the Federal Rules of Civil Procedure for further consideration."

*Judicial Estoppel*

Judicial estoppel is a "common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988). The purpose of this doctrine is to "protect the integrity of the judicial process," by "preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." Id. The Fifth Circuit has not hesitated to apply judicial estoppel to foreclose a party from pursuing a cause of action where the party, a debtor in bankruptcy, has concealed his claim from the bankruptcy court, and in fact, has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Kamont v. West, 83 F. App'x 1, 3 (5th Cir. 2003). According to the Fifth Circuit, "[a] court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005); Lowe v. Am. Eurocopter, LLC, 2011 U.S. Dist. Lexis 67291 (N.D. Miss. June 22, 2011). Each of these elements is satisfied here.

The record and facts regarding Plaintiff's Bankruptcy action are undisputed. Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy on February 1, 2008. On June 3, 2011, Plaintiff filed a Motion to Amend Plan, in which he disclosed to the bankruptcy court that his employment contract had been non-renewed. Plaintiff failed to disclose at that time that he had filed a cause of action or might otherwise have a potential claim against the Cleveland School District on the basis that his termination was a violation of state or federal law. Pertinent here,

2

Plaintiff had already filed his EEOC Charge alleging race discrimination on April 6, 2011, and had amended that charge again on May 17, 2011, prior to filing his Motion to Amend the Plan. The bankruptcy court approved the amendment in July of 2011, and Plaintiff filed this federal cause of action on June 12, 2012. Defendant filed its Motion to Dismiss [5] shortly after asserting that judicial estoppel was proper because Plaintiff failed to disclose this litigation in his bankruptcy action. In response, Plaintiff secured a waiver in December of 2012 from the Trustee indicating that the bankruptcy estate abandoned its interest in Plaintiff's cause of action.

Defendants contend that Plaintiff's failure to disclose this litigation despite his ongoing duty to disclose potential claims to the bankruptcy court is, in effect, a representation to the bankruptcy court that he did not have any potential claims against Defendants. This, according to Defendants, is an inconsistent position.

The Bankruptcy Code and Rules "impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." In re Coastal Plains, Inc., 179 F.3d 197, 207-08 (5th Cir. 1999) (citing 11 U.S.C. § 521(1)). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." Id. at 208 (quoting Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F. Supp. 859, 867 (E.D. Tex. 1996)). Indeed, the "importance of this disclosure duty cannot be overemphasized." Id. The Fifth Circuit has held that

> The rationale for … decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to

>approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

Id.

The Court finds that Plaintiff's position in the bankruptcy court and this litigation is clearly inconsistent. See Superior Crewboats, Inc. v. Primary P & I Underwriters, 374 F.3d 330, 335 (5th Cir. 2004) (finding inconsistent positions taken where personal injury litigation not disclosed to bankruptcy even where the trustee formally abandoned the claim and the bankruptcy court issued a "no asset" discharge).

Here, the Bankruptcy Court has accepted the previous position. The Bankruptcy Trustee in Plaintiff's case has officially abandoned the claim, thereby accepting Plaintiff's prior position that he had no contingent or unliquidated claims of any nature. Further, this Court accepted Plaintiff's previous position to the extent that Plaintiff pursued this litigation as if had standing to do so. Because Plaintiff's claim against Defendants was technically property of the estate, the bankruptcy trustee is the representative of the estate with the capacity to sue and be sued. 11 U.S.C. § 323(a); Reed v. City of Arlington, 650 F.3d 571, 575 (5th Cir. 2011). Therefore, until the trustee disclaimed these causes of action, Plaintiff lacked standing in this case. Accordingly, the second element is satisfied.

In regards to the third prong of the judicial estoppel test, the Fifth Circuit has held that "based on the importance of full disclosure in bankruptcy, in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." In re Coastal Plains, 179 F.3d at 210. In this case, there is no basis for concluding that Plaintiff's failure to disclose this litigation to the bankruptcy court was "inadvertent." In order for a debtor to lack knowledge of an undisclosed claim, the debtor must

4

have been unaware of the facts giving rise to his claim when he represented that he had no potential claim to the bankruptcy court. See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Merely demonstrating an unawareness of the legal duty to disclose is not enough. Id. Plaintiff was clearly aware that he had claims against the Defendants when he filed his Motion to Amend the Plan in the bankruptcy proceeding. As noted above, Plaintiff had already filed a charge of discrimination, as well as an amendment to that charge with the EEOC and instituted an appeal proceeding as to his termination.

Additionally, the Plaintiff here had motive to conceal this litigation. If he ultimately recovered on his claims, he would not be required to give any potential monetary award to his creditors. As the Fifth Circuit noted in Superior Crewboats,

> The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors. Such a result would permit debtors to "[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights."

374 F.3d at 336 (internal citations omitted); see also Cargo v. Kan. City S. Ry. Co., 408 B.R. 631, 639 (W.D. La. 2009) ("Indeed, a motive to conceal claims subsists in all bankruptcy cases in which a concealed legal claim would, if disclosed, form part of the bankruptcy estate and the debtor is aware of the claim's monetary value."). The Court finds further support for this conclusion as Plaintiff filed a Motion to Amend the Plan when he was terminated, thereby recognizing his duty of continuing disclosure when to do so would lower his payment schedule under the Plan; however, he failed to fulfill that duty when to do so may inure to the benefit of the bankruptcy estate. Accordingly, because the Court concludes that the Plaintiff did not act "inadvertently," the third element is satisfied.

Moreover, the Court finds it inapposite that the Bankruptcy Trustee abandoned the claims asserted in this lawsuit. This Court has held that "whether the Trustee abandons the claim well after the bankruptcy discharge is irrelevant to whether the judicial estoppel doctrine should apply." Kaufman v. Robinson Prop. Group, L.P., 2009 U.S. Dist. Lexis 85331, *5 (N.D. Miss. Sept. 16, 2009); accord Henley v. Pers. Fin. Corp., 2002 U.S. Dist. Lexis 27512 (S.D. Miss. Dec. 3, 2002) ("if [debtor] knew or should have known of her cause of action at any time during the pendency of her bankruptcy, then an argument could be made that . . . [she] forfeited her right to pursue litigation against [defendant] and ought not be permitted to pursue this litigation even if it were abandoned by the trustee."); Chickaway v. Bank One Dayton, N.A., 261 B.R. 646, 653 (S.D. Miss. 2001) ("[E]ven if the trustee . . . were to abandon the claims, there would remain the question of whether [debtor's] failure to include her claims against Bank One in her bankruptcy schedules, as required by various provisions of the bankruptcy code, would judicially estop her from pursuing her claim against Bank One"). Indeed, the Fifth Circuit has held that upon abandonment by the bankruptcy trustee, the estate's interest in the claim reverts to the debtors who were then properly estopped from gaining a benefit from their deception. Superior Crewboats, 374 F.3d at 335.

Accordingly, Plaintiff's failure to disclose his causes of action against Defendants in his Chapter 13 bankruptcy action judicially estop him from pursuing his claims here.

*Conclusion*

Defendant's Motion to Alter or Amend [44] is GRANTED. The Court hereby corrects its earlier manifest error of law that that the Plaintiff was not judicially estopped from asserting this cause of action. The Court finds that Plaintiff's claims are barred by the doctrine of judicial

6

estoppel as a matter of law.  Therefore, the Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 25th day of October, 2013.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**